UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[1] A.V.R, *a permanently disabled child with spina bifida and hydrocephalus.*

[2] Widallys Rivera Quiñones, *solely on behalf of her minor child, A.V.R.*

    Plaintiff,

v.

[1] KRESS STORES OF PUERTO RICO, INC.

    Defendant.

Civil No.:

Jury Trial Demanded

COMPLAINT
*(Injunctive Relief Demanded)*

Plaintiff, A.V.R., represented in this action by her mother, Widallys Rivera Quiñones (hereinafter referred to as "Plaintiff" or "Minor"), hereby sues the Defendant, **KRESS STORES OF PUERTO RICO, INC.**, doing business as **KRESS** (hereinafter referred to as "Defendant") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), as well as violation of the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

## JURISDICTION AND VENUE

1.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

       jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

2.   Venue is properly located in the District of Puerto Rico because venue lies in the judicial district of the property *situs*. The Defendant's property is located in and does business within this judicial district.

## PARTIES

3.   The minor is a Puerto Rico resident, lives in Toa Alta, Puerto Rico, her mother is *sui juris*,[1] and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is severely limited or unable to engage in the major life activity of walking. Instead, **Plaintiff is bound to ambulate in wheelchair and has limited use of her hands**. At the time of Plaintiff's visit on or around January 9, 2016 to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, **spina bifida and hydrocephalus; myelomeningocele**). The Plaintiff personally visited the Defendant's facility but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's facility, even though she would be classified as a "bona fide patron".

4.   Plaintiff will avail herself of the services offered at the facility in the future, provided that the Defendant modify the Premises or modify its' policies and practices to accommodate individuals who use wheelchairs. Plaintiff frequently travels to the area of Plaza del Sol Mall wherein Defendant operates the subject facility to conduct various activities, including, but not limited to shopping, watch movies at Caribbean Cinemas and dining.

---

[1] Plaintiff Widallys Rivera Quiñones appears *solely* on behalf of her minor child, A.V.R., as mother and/or putative guardian at litem, and *not* in her individual capacity.

5.      Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is the Plaintiff's belief that said violations will not be corrected without court intervention, and thus the Plaintiff will suffer legal harm and injury in the near future.

6.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as **KRESS STORES OF PUERTO RICO, INC.**, doing business as

3

**KRESS** a juvenile dress store located at Plaza del Sol Mall, Bayamon, Puerto Rico. (hereinafter "Subject Facility"). Defendant also maintains and controls the Subject Facility.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.   Plaintiff adopts and re-alleges the allegations stated in paragraph "1" through "6"of this complaint as if fully stated herein.

8.   On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12182; 28 C.F.R. §36.508(a).

9.   Congress found, among other things, that:

   a.   some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b.   historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c.   discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

d.  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

e.  the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

10.   Congress explicitly stated that the purpose of the ADA was to:

a.  provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b.  provide, clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

c.  invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

U.S.C. §12101(b)(1)(2) and (4).

11.   Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's facility is a place of public accommodation covered by the ADA by the fact

it is an establishment which provides services to the general public, and must be in compliance therewith. The building and/or Subject Facility which is a subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith. As the owner, lessor, lessee, or operator of the Subject Facility, Defendant is required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed after January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG").  Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible.  Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to

the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

12.    The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Subject Facility as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

13.    Plaintiff has visited the Subject Facility, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

14.    Plaintiff intends to return within the next six months provided the defendant modifies the facility to enjoy the goods and/or services at the Subject Facility on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to their facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers which are in violation of the ADA.

15.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

16.    The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

**OBSTRUCTING THE AISLES THROUGH PLACEMENT OF MERCHANDISE OR DISPLAYS**

a)    Kress is a juvenile dress store located at Plaza del Sol Mall, Bayamon, Puerto Rico. Throughout the display areas, most of the merchandise is placed on racks, shelves and other structures designed to hold and display the merchandise. Some types of display structures are moveable. These include metal racks variously commonly known as rounders. The merchandise display units throughout Kress are generally "self service" such that customers are expected to obtain merchandise by independently browsing and/or searching through the display areas for an item that they wish to purchase, removing that item from the display unit on their own, and bringing the item to a cash register to process their purchase. While Kress' employees are to some extent available to assist customers in locating and/or obtaining merchandise, Kress is generally operated according to a self-service model. Kress' merchandise display areas are generally organized according to departments, each of which focuses on a particular type of merchandise or throughout the store according to the season, e.g. Holiday clothes, dresses racks, etc. The display units are generally positioned within the pads with a certain clearance between each unit for the purpose of enabling customers to get to the merchandise. Kress' practice generally is to provide less than 36" clear space between its merchandise display units. Kress' consistent erection,

maintenance, and allowance of physical barriers within its stores, including the Subject Facility, and its lack of response to multiple requests by the Plaintiff to correct these issues, demonstrate not only a marked disregard for the needs of individuals with disabilities, but also active discrimination on the basis of disability. Indeed, Plaintiff continue to encounter barriers to accessibility at their local Kress store located at Plaza del Sol Mall, Bayamon.  The spacing of movable display racks is a barrier under the ADA, whose resolution is "readily achievable" e.g. rearrangement of the display racks because it does not results in a significant loss of selling or serving space." 28 C.F.R. § 36.304(f). The presence of blocking items is always frequent during Plaintiff's visits to Kress store located at Plaza del Sol Mall, the Subject Facility. Given its frequency, the aisle access problem must be viewed systemically, not as a series of individual barriers to access. Removing one obstructing object does not assure accessible aisles where it is likely that soon thereafter another item will be moved and create a blockage. The obstructions of the aisle access are solely as a result of the affirmative actions of Kress and its employees, not customers like the Plaintiff**.**  Kress' policy, practices and procedures prevent individuals with disabilities, such as wheelchair users like the Plaintiff, from navigating their stores with the same ease and dignity as customers without disabilities.







**NATURE OF THE BARRIERS AT ISSUE**

b)   The barrier in is not so much structural in nature, as it is a maintenance issue. Redesign, new construction, renovation, or any type of structural modification is not necessary in order to keep aisles unobstructed with merchandise.

c)   Obstruction merely depends on Kress ordering an employee to place merchandise in or near the aisle.

d)   Given the nature of the barrier, and Plaintiff's experiences for a long time, Kress' voluntary cessation of obstructing the aisles will not moot the controversy.

e)   When it comes to the obstructing the aisles through placement of merchandise, boxes or displays racks, Plaintiff cannot depend solely on Kress' capricious actions.

f)   Obstructing the aisles through placement of merchandise, boxes or displays racks is a widespread practice by Kress, as more than 50% of stores surveyed by the Plaintiff or her agents (Arecibo, Aguadilla, San Juan, Bayamon, Mayaguez) had display racks that were inaccessible on *all* sides, and virtually all stores had merchandise that could not be accessed by customers with disabilities.

g)   The presence of blocking items is always frequent during Plaintiff's visits to Kress store located at Plaza del Sol Mall, the Subject Facility. Given its frequency, the aisle access problem must be viewed systemically, not as a series of individual barriers to access. Removing one obstructing object does not assure accessible aisles where it is likely that soon thereafter another item will be moved and create a blockage.

h)   Notably, the obstructions of the aisles are solely as a result of the affirmative actions of Kress and its employees, not its customers.

i)   Kress' policy, practices and procedures prevent individuals with disabilities, such as wheelchair users, from navigating their stores with the same ease and dignity as customers without disabilities.

j)   As a result of Kress' policy, practice and procedures, or actual non-enforcement or application of Kress of Puerto Rico, Inc. written policies, Kress unlawfully fail to maintain accessible aisles in the Subject Facility, and

as such the Plaintiff and others similarly situated are unable to approach, examine, or even purchase much of the merchandise on display.

k)     Failure to maintain accessible features, has been prevalent and consistent, and is not due to maintenance or repairs, but rather to corporate policies or practices, or the lack thereof, relating to accessibility for people with mobility disabilities.

l)     The access barriers outlined herein are the result of Kress' policies, practices, or procedures and/or the absence of policies, practices or procedures for enforcing the ADA. These "policies, practices, or procedures" impose barriers to access within the meaning of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii), throughout Kress' stores, including the Subject Facility.

m)     Modification of Defendants' policies, practices, and procedures will not fundamentally alter the nature of Defendant's goods, services, facilities, privileges, advantages, or accommodations.



**SERVICE AND CHECKOUT COUNTER AT REGISTER**

n)   The interior of the Facility has a sales and services counter lacking any portion of the counter that has a maximum height of **36 inches from the finished floor** in violation of section 904.4 of the 2010 ADAAG regulations, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

o)   Providing **counter heights exceeding 36 inches** making it impossible to service a disabled person pursuant to 2010 ADAAG §§ 904, 904.4, 904.4.1, 904.4.2.





17.   To the best of Plaintiff's belief and knowledge, the Defendant has failed to eliminate the specific violations set forth in paragraph 16. Plaintiff has attempted to gain access to the Facility and/or Property in her capacity as a customer, but because of her disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Facility and/or Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove unlawful barriers and conditions and comply with the ADA.

18.   All of the above violations are readily achievable to modify in order to bring the Facility/Property into compliance with the ADA as the modifications can be easily accomplished and are able to be carried out without much difficulty or expense. 42 U.S.C.12182 (b)(2)(A)(iv); 42 U.S.C. 12181(9); 28 C.F.R. 36.304.

19.   Upon information and belief the Defendant has the financial resources to make the necessary modifications.

20.   Upon information and belief the Property has been altered since 2010.

21.   In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 16 can be applied to the 1991 ADAAG standards.

22.   Plaintiff is a frequent visitor of the area where Defendant's property is located. As teenager and resident of Toa Alta, she is a frequent visitor of Plaza del Sol and she loves the "shopping experience" at **KRESS.** Plaintiff visited the property which forms the basis of this lawsuit and encountered the discriminatory violations described in paragraph 16.

23.   Plaintiff plans to return to the property to avail herself of the goods and services offered to the public at the property and to determine whether the property has been made ADA compliant. As detailed in paragraph 16, Plaintiff has encountered barriers at the subject property which discriminate against her on the basis of her disability.  In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

24.   The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

25.   Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

26.   The violations present at Defendant's facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation

as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

27.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

28.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit **KRESS** store located at Plaza del Sol Mall in Bayamon not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

29.     The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

30.     The discriminatory violations described in paragraph 16 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31.     Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

33. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter **KRESS** store located at Plaza del Sol Mall in Bayamon to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

34. Plaintiff incorporates all the preceding paragraphs. Plaintiff suffered discrimination in violation of the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. Defendant's intentional conduct contributed (and contributes) to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public, causing her emotional damages in an amount to be determined at trial.

## VIOLATIONS TO THE PUERTO RICO CIVIL RIGHTS ACT

35. Plaintiff incorporates all the preceding paragraphs.

36.   Plaintiff is a person with disabilities within the meaning of the Puerto Rico Civil Rights

Act who suffered intentional disability discrimination in violation of P.R. Laws Ann. tit.

1, § 13, which provides:

> § 13.  Civil rights--Discrimination in public places, businesses, transportation and housing
>
>> (a) No person shall be denied in Puerto Rico any access, service, and equal treatment in **public places and businesses** and in the means of transportation because of political, religious, race, color or sex issues, **or for of any other reason** not applicable to all **person in general**.

37.   Defendant(s) is/are person(s) within the meaning of P.R. Laws Ann. tit. 1, § 18

("individual, corporation, association, business firm, business trust, or any corporate

organization, as well as any agent, proxy, executor, manager, supervisor, employee, or

realtor, and it shall include, further, any agency of the Government of Puerto Rico, and

the officers, officials, agents, employees, and assignees thereof").

38.   Defendant(s) operate a place for public accommodation/public business within the

meaning of P.R. Laws Ann. tit. 1, § 18.

39.   Pursuant to the Puerto Rico Bill of Rights for Persons with Disabilities, P.R. Laws Ann.

tit. 1, § 512b, "the disabled population should enjoy and have access on an equal basis to

the offer and demand of public services, subject to applicable Commonwealth and

**federal legislation** and jurisprudence for the rendering of public services."

40.   The Puerto Rico Bill of Rights for Persons with Disabilities, P.R. Laws Ann. tit. 1, §

512k, also provides:

> **§ 512k.  Other actions and interpretation of laws**
>
> The execution of the action authorized by this chapter is **independent from any other civil or criminal action**, rights or remedy provided by the legislation in

effect and none of these provisions shall limit or obstruct the execution of such actions, rights or remedies.

**All legislation shall be construed in the manner that is most beneficial to persons with disabilities** and all branches of the government and natural or juridical persons, upon interpreting any legislation, **shall use a liberal and non-restrictive interpretation in favor of such persons**.

It shall be the **duty of the courts**, departments, agencies, instrumentalities, public corporations, municipalities and any other entities of the Government of the Commonwealth of Puerto Rico **to liberally interpret all statutes**, regulations or ordinances pertaining to the rights of persons with disabilities for these to **conform to the principles set forth in the Constitutions of the United States of America** and of the Commonwealth of Puerto Rico for the social purpose of protecting, defending and vindicating the rights of persons with disabilities, including those cases and claims which have been filed at the courts or administrative forums within the jurisdiction of the Commonwealth of Puerto Rico prior to the approval of this act and to its ruling becoming final and binding.

(Emphasis added).

41. Pursuant to the Puerto Rico Bill of Rights for Persons with Disabilities, P.R. Laws Ann. tit. 1, § 512a, persons with disabilities, like Plaintiff, are entitled to:

   a. The full guarantee of all the rights, benefits, responsibilities and privileges on **equal terms with those of persons without disabilities**.

   b. Freedom from interference, coercion, **discrimination or reprisals for the exercise of their <u>civil rights</u>**.

42. Plaintiff, suffered intentional disability discrimination because the defendant(s) never attempted to comply with the requirements of the American with Disabilities Act and the laws of Puerto Rico, e.g. there was no self-assessment plan, there is no remedial plan, and the defendant conducted business for years ignoring the American with Disabilities Act. Defendant's intentional misconduct contributed (and contributes) to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods,

services, facilities, privileges and/or accommodations available to the general public,

causing her emotional damages in an amount to be determined at trial.

43.   The plaintiff is entitled to relief pursuant to P.R. Laws Ann. tit. 1, § 14, which provides:

> § 14.  Civil rights--Penalties; actions for damages; punitive damages
>
> Any person who shall deliberately or by false reports or by any subterfuge violate any of the provisions hereof shall be guilty of a misdemeanor and shall be punished by a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500), or by imprisonment in jail for a term of not less than thirty (30) days nor more than ninety (90) days, or by both penalties, in the discretion of the court.
>
> Any person aggrieved by any violation of §§ 13--18 of this title **may bring the corresponding civil action in a competent court for the <u>damages such violation may have caused him</u>**.
>
> If the remedy is granted, the court shall, **<u>in addition</u> to the proper compensation for losses and damages caused, impose the payment of <u>another indemnity as punitive damages</u>**.
>
> (Emphasis added).

44.   Plaintiff requests a trial by jury on all issues triable by jury.

**WHEREFORE**, Plaintiff respectfully requests:

a)   The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 <u>et</u> <u>seq</u>.

b)   Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing

to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

a) Compensatory and punitive damages as allowed by the Puerto Rico Civil Rights Act, P.R. Laws Ann. tit. 1, § 13 and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, in excess of $1,000,000.00.

b) An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

c) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

**/S/JOSE CARLOS VELEZ-COLÓN, ESQ.**
**USDC-PR NO.: 231014**
jcvelezcolon@gmail.com

50 CALLE ISABEL II
STE 109-B
BAYAMON, PR 00961-6386

TEL: (787) 798-5233
FAX: (787) 798-5234

*Attorney for*
*Widallys Rivera Quiñones on behalf of her minor child,*
*A.V.R*